```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PFIZER INC.,                          :
                                      :
          Plaintiff,                  :    CIVIL ACTION
                                      :
     v.                               :    No. 17-cv-4180
                                      :
JOHNSON & JOHNSON and JANSSEN         :
BIOTECH, INC.,                        :
                                      :
          Defendants.                 :
```

**MEMORANDUM**

**Joyner, J.**                                    **February 26, 2018**

Presently before the Court are Defendants' Motion to Stay Discovery (Doc. No. 39) and Plaintiff's Response in Opposition thereto (Doc. No. 43).[1]  For the following reasons, Defendants' Motion is GRANTED.

**I.   BACKGROUND**

Plaintiff Pfizer Inc. ("Pfizer") filed the instant action on September 20, 2017.  Pfizer alleges that Johnson & Johnson and Janssen Biotech, Inc. (collectively, "Defendants") engaged in

---

[1] Direct purchasers (the "Class Action Plaintiffs") have filed a parallel class action against Defendants for much of the same conduct that Pfizer alleges here.  That parallel class action is also before this Court. In re: Remicade, Civ. No. 2:17-cv-4326-JCJ.  Having filed their Amended Complaint on February 21, 2018, the Class Action Plaintiffs lag shortly behind Pfizer's progress in this case.  Defendants have noted that they will move to dismiss the parallel class action, as they have done here. Knowing this, the Class Action Plaintiffs filed a response to Defendants' instant Motion to Stay Discovery.  (Doc. No. 41). Moreover, the Class Action Plaintiffs and Defendants have stipulated that they will be bound by the Court's resolution of the instant Motion.  (Class Action Plaintiffs and Defendants' Joint Rule 26(f) Report at 4 (Doc. No. 52 on Civ. No. 2:17-cv-4326-JCJ)).  Accordingly, we have also considered the Class Action Plaintiffs' Response in Opposition to Defendants' Motion to Stay Discovery.

1

anticompetitive conduct to protect their biologic drug, Remicade, from competing with biosimilars, such as Pfizer's Inflectra, in violation of federal antitrust laws. (Compl. ¶¶ 6, 12, 47, 55, 67, 82, 100, 102 (Doc. No. 1)).

On November 28, 2017, Defendants moved to dismiss Pfizer's Complaint. (Doc. No. 27). Shortly thereafter, Defendants moved to stay discovery until the Court resolves their pending Motion to Dismiss. (Doc. No. 39). The parties have since completed briefing on both Motions. Our focus now is only on Defendants' Motion to Stay Discovery.

**II. DISCUSSION**

Rule 26(c) of the Federal Rules of Civil Procedure empowers district courts to impose a stay of discovery on a showing of good cause. Fed. R. Civ. P. 26(c). The decision of whether to stay discovery while considering a motion to dismiss is within the court's sound discretion. In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001). Although the court should not automatically stay discovery because a party has filed a motion to dismiss, "'a stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.'" 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting Weisman v. Mediq, Inc., Civ. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May

2

3, 1995)). "In other words, the court should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay." Id.

Having reviewed Defendants' Motion to Dismiss, without having formed an opinion on its merits, the Motion does have the potential to dispose of the entire case and eliminate the need for discovery. In such a case, the balance will generally lean in favor of staying discovery. Weisman, 1995 WL 273678, at *2.

We also consider the scope of the proposed discovery. As with many antitrust cases, the scope of discovery in this case will likely be enormous. In the parties' joint Rule 26(f) report, Pfizer notes that it will need discovery from Defendants and various third parties, including insurers, group purchasing organizations, hospitals, and clinics. (Joint Rule 26(f) Report at 6 (Doc. No. 38)). Among other areas, Pfizer intends to explore Defendants' contracts with these third parties relating to Remicade, Defendants' pricing and sales strategies for Remicade, Defendants' communications with third parties about the sale of Remicade, Defendants' strategies for responding to the launch of biosimilars to Remicade, and evaluations of the relevant market. Id. In order to facilitate this scope of discovery, Pfizer requested a discovery plan that could result in the parties taking upwards of 110 depositions. Id. at 8-10. And while we understand Pfizer's position that many of the third-party depositions may be

cross-designated and count against each party's cap, it nevertheless stands that discovery will be a large and costly undertaking in this case. We therefore find that this factor weighs in favor of granting the stay.

We also consider, and do not take lightly, Pfizer's interest in a speedy resolution of this case. Beyond this interest, however, we find that Defendants' requested stay of discovery will not prejudice Pfizer in a significant way. For example, the stay does not threaten Pfizer's ability to collect time sensitive evidence.[2] See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967); 19th St. Baptist Church, 190 F.R.D. at 349-50. While Pfizer's interest in a speedy resolution weighs against granting the stay, the absence of a particularized harm to Pfizer reduces its weight.

In considering these above factors, we find that the benefit of staying discovery outweighs the burden it places on Pfizer. We are therefore satisfied that good cause exists to stay discovery until we resolve Defendants' Motion to Dismiss.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay Discovery is GRANTED and discovery is STAYED pending the resolution of their Motion to Dismiss. An accompanying order will follow.

---

[2] If this situation does arise, we invite Pfizer to seek the Court's permission to lift the stay so that it may collect such evidence.