IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PFIZER INC., <br>     Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., <br>     Defendants. | CIVIL ACTION <br><br><br> NO. 17-4180 |
| IN RE REMICADE ANTITRUST LITIGATION, <br><br> This document relates to: <br><br> Indirect Purchaser Actions | CIVIL ACTION <br><br><br><br> NO. 17-4326 (consolidated) |

FILED
NOV 2 2 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

O R D E R

AND NOW, this 21st day of November, 2019, upon consideration of Plaintiff's Motion to Compel Defendants to Produce Documents Concerning Payer Contracts for Remicade (Doc. No. 105) and Defendants' Response in Opposition thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and Defendants are DIRECTED to produce emails and email attachments concerning contracts relating to Remicade or Infliximab with up to eight (8) third-party payors and from no more than 8 of the

requested document custodians (including any of their predecessors and/or successors) of Plaintiff's choosing.[1]

IT IS FURTHER ORDERED that, within ten (10) days of the entry date of this Order Plaintiff shall identify the eight third-party payors and requested document custodians to Defendants. Defendants shall thereafter have seven (7) business days to register any objections which they may have to the payors and/or individuals so chosen. In the event that the parties are unable to resolve these objections on their own, they are instructed to contact the undersigned's Deputy Clerk to schedule a telephone conference at which time the Court will issue a ruling on the issue.

BY THE COURT:

J. CURTIS JOYNER, J.

---

[1] In so holding, we find that the documents which Plaintiff seek are clearly relevant to the claims which it is advancing and are likely to be admissible at trial or to lead to the discovery of additional relevant and admissible evidence. Given the extent of the documents already produced, however, and the expenses attendant to production of vast quantities of documentary and other evidentiary material, we find that Plaintiff's request for additional production from 20 third-party-payors and 21 more document custodians is *not* proportional to the needs of this case and that such a request would prove to be unduly expensive and burdensome to Defendants. See generally, Fed. R. Civ. P. 26(b)(1). For those reasons, we partially grant the motion and direct Plaintiff to carefully taylor its Document Production Requests and carefully select the parties from which it wishes to obtain these additional materials.