IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PFIZER, INC. | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 17-CV-4180 |
| | : | |
| JOHNSON & JOHNSON, and | : | |
| JANSSEN BIOTECH, INC. | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 4th day of December, 2019, upon consideration of Defendants' Motion Seeking Partial Reconsideration of the Court's November 12, 2019 Order Regarding A Document Production Update (Doc. No. 109) and Plaintiff's Response in Opposition thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] It has long been recognized that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Motions for reconsideration are typically presented pursuant to Fed. R. Civ. P. Nos. 59 (e) and 60(b). Indeed, "[a} judgment may be altered under Rule 59(e)if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion …; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Vehicle Carrier Services Antitrust Litigation, 846 F.3d 71, 87 (3d Cir. 2017). Similarly, Rule 60(b) sets forth the grounds for relief from a final judgment, order or proceeding as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

BY THE COURT:

s/ J. Curtis Joyner

_____
J. CURTIS JOYNER,          J.

---

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

"A Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981); Virgin Islands National Bank v. Tyson, 506 F.2d 802, 804 (3d Cir. 1974). In the absence of one of the aforesaid grounds, it has been said that it is improper for a party moving for reconsideration "to ask the Court to re-think what it has already thought through–rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993). Thus a motion for reconsideration is **not** an opportunity for a party to present previously available evidence or new arguments or to be used to relitigate a case. Howard Hess Dental Labs, Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010); Federico v. Charterers Mutual Assurance Ass'n., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001). "Rather, reconsideration is warranted only if the Court is left with the definite and firm conviction that a mistake has been committed." Moore v. Granlund, 2019 U.S. Dist. LEXIS 101393 at *5 (M.D. Pa. June 18, 2019)(citing Prusky v. ReliaStar Life Insurance Co., 532 F.3d 252, 258 (3d Cir. 2008)).

In this case and as notated in the Order entered on November 12, 2019, this Court heard the parties' arguments in a telephone conference before making the decision which Defendants now wish to alter. The parties' therefore had the opportunity to present and raise any arguments which they wished this Court to hear and we carefully considered those matters that were presented before issuing the said Order. In essence, Defendants are now asking to re-litigate the matter by now advancing additional assertions and in large measure, re-arguing those which were previously presented and considered. As the preceding precedent makes clear, such is decidedly **not** the function of a motion for reconsideration and accordingly the instant motion is denied.